**MANDATE**

nhct
01-cv-1460
Chatigny

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 21st day of June, two thousand and six.

PRESENT:

    THOMAS J. MESKILL
    JOSÉ A. CABRANES
    PETER W. HALL
        *Circuit Judges*

------------------------------------------x

CATHERINE SANTOSSIO and GLENN PRENTICE,

    *Plaintiffs-Appellants*,

v.

                                          No. 04-5778-cv

CITY OF BRIDGEPORT, ROBERT STUDIVANT, ARTHUR CARTER, THOMAS SWEENEY, and HECTOR TORRES,

    *Defendants-Appellees*,

PABLO OTERO,

    *Defendant*.

------------------------------------------x


A TRUE COPY

APPEARING FOR APPELLANTS:    SUSAN KING SHAW, King and Shaw, LLC, New Haven, CT.

APPEARING FOR APPELLEES:    JOHN R. MITOLA, Associate City Attorney, Office of the City Attorney, Bridgeport, CT.

1

Issued as Mandate: 9/1/06

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is AFFIRMED.

Plaintiffs-Appellants Catherine Santossio and Glenn Prentice appeal from a judgment of the District Court dated September 30, 2004 that (1) granted summary judgment to defendants on Count One and Count Two of plaintiffs' four-count complaint and (2) dismissed the state law claims of Count Three and Count Four without prejudice to refile in state court upon the District Court's decision not to exercise supplemental jurisdiction when no federal claims remained. *See Santossio v. City of Bridgeport*, No. 3:01 CV 1460, 2004 WL 2381559 (Sept. 28, 2004).

We assume the parties' familiarity with the underlying facts and procedural history.

Santossio filed this action against the City of Bridgeport and five city employees on August 3, 2001 alleging that defendant Pablo Otero sexually assaulted her, among other maltreatment, and that the City's response was inadequate. She, along with plaintiff Glenn Prentice, alleged in addition that the defendants retaliated against them after Santossio complained about Otero's actions and Prentice testified against Otero at a city administrative proceeding.

Substantially for the reasons stated in the thoughtful and comprehensive opinion of the District Court, we conclude that summary judgment for the moving defendants (all defendants except for Otero) was appropriate for Count One and Count Two of plaintiffs' complaint (which stated federal claims under the First and Fourteenth Amendments and 42 U.S.C. § 1983) and that the District Court did not err in declining to exercise supplemental jurisdiction over the remaining state law claims (which were complaints of Santossio against Otero only).

We have carefully considered all of plaintiffs' arguments and find them without merit. The judgment of the District Court is AFFIRMED.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *[signature: Lucille Carr]*